E-FILED
Tuesday, 26 May, 2026  10:26:58 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS**

DIPESH SINGLA,
Plaintiff,

v.

THE UNIVERSITY OF CHICAGO,
Defendant.

**Case No.:**

May 24 2026

**FILED**
5/24/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**MOTION FOR WAIVER OF PACER ELECTRONIC ACCESS FEES, LEAVE TO PROCEED IN FORMA PAUPERIS, E-FILING ACCESS, EMAIL DELIVERY OF ALL COURT COMMUNICATIONS, AND ACCESS TO LEXIS NEXIS AND WESTLAW**

**COMES NOW** Plaintiff Dipesh Singla ("Plaintiff"), proceeding pro se, and respectfully moves this Court for an order:

(a) granting leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915;

(b) granting a **full waiver of PACER electronic access fees** on dipesh88 account for access to court records for **MULTI-DISTRICT access across all federal courts**, including but not limited to ALL United States District Courts, United States Courts of Appeals (including the Seventh Circuit), National Courts, Bankruptcy and it's appellate courts, and the Supreme Court of the United States (IF pacer have access to these, for all levels of litigation, appeals, and any related or ancillary proceedings;

(c) granting Plaintiff **electronic filing (CM/ECF) access** to file and manage documents in this action;

(d) directing that all orders, notices, and case-related communications be delivered to Plaintiff via email at **dipeshsingla668@gmail.com**;

(e) granting Plaintiff full **access to Lexis Nexis and Westlaw** at no cost to the extent permissible by law and the Court's authority, for legal research necessary to prosecute lawsuit; and

(f) granting such other and further relief as this Court deems just and proper.

Plaintiff respectfully notes that this motion has been prepared using publicly available internet resources and without the benefit of paid legal research platforms, full PACER access, lexis nexis/westlaw or legal counsel. To the extent any citation, format, or procedural element is incorrect or incomplete, Plaintiff requests leave to amend or correct upon knowledge of any specific defect. In light of Plaintiff's pro se status, indigence, disability, and residence outside

the United States, Plaintiff respectfully asks the Court to construe this motion liberally and in favor of ensuring meaningful access to justice, rather than imposing strict technical requirements that would defeat Plaintiff's ability to prosecute this action.

In support of this Motion, Plaintiff states the following:

## I. INTRODUCTION AND BACKGROUND

Plaintiff Dipesh Singla is a pro se litigant in the above-captioned matter, *Singla v. The University of Chicago*, currently pending before this Honorable Court. This action arises from severe and sustained employment discrimination, retaliation, disability discrimination, failure to accommodate, harassment, and constitutional violations by a federally funded institution.

As a self-represented litigant without sufficient financial resources, the cost of accessing court records through the Public Access to Court Electronic Records ("PACER") system presents a significant and burdensome obstacle to his ability to conduct necessary legal research, review relevant case materials, and effectively participate in the judicial process. Additionally, as a pro se litigant with a disability residing outside the United States (India), Plaintiff lacks access to subscription-based legal research platforms such as Lexis Nexis and Westlaw, which are essential for identifying binding precedent, analyzing legal authority, and preparing competent filings.

The PACER system charges fees for each page or document accessed. For a pro se litigant with limited financial means, these per-page charges accumulate rapidly and create a substantial financial barrier that effectively restricts access to information needed to pursue litigation competently. The E-Government Act of 2002, 44 U.S.C. § 11103, authorizes the Judicial Conference to prescribe reasonable fees for access to electronic court records but also provides authority to grant exemptions from such fees to promote public access to information and avoid unreasonable burdens on individuals seeking access to court records. This Motion is filed pursuant to that statutory authority, as well as 28 U.S.C. § 1915 for leave to proceed in forma pauperis.

## II. FACTUAL BACKGROUND

### A. Nature of the Pending Litigation

Plaintiff initiated the above-captioned action against the University of Chicago, a federally funded institution. The Complaint alleges violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the Equal Pay Act, GINA, 42 U.S.C. § 1983 (First Amendment, Due Process, Equal Protection), and various Illinois state laws. The case involves claims of discriminatory termination, retaliatory expulsion (three months before degree completion), denial of disability accommodations,

fabrication of evidence, sham disciplinary proceedings, and post-expulsion harassment including surveillance.

As a pro se plaintiff, Plaintiff bears the full burden of legal research, factual investigation, and case development without the assistance of counsel.

**B. Plaintiff's Financial Circumstances**

Plaintiff Dipesh Singla is a self-represented litigant with limited financial resources. He currently resides at 184, NAC, Shivalik Enclave, Manimajra, Chandigarh - 160101, India. Plaintiff is unemployed, indigent, has a documented disability, and cannot afford the costs associated with legal research and electronic access to court records. The cumulative cost of accessing PACER records at standard per-page rates, combined with the prohibitive cost of commercial legal research platforms (Lexis Nexis and Westlaw subscriptions typically may cost hundreds of dollars per month), imposes a substantial financial burden that limits Plaintiff's ability to conduct the research necessary to develop and prosecute this case effectively.

**C. Plaintiff's Research Efforts to Date**

During the preparation of his Complaint and related filings, Plaintiff has independently conducted extensive research into litigation involving the University of Chicago. This research currently consists of approximately 2,300 or so pages of compiled materials, including court filings, administrative agency complaints, scholarly articles, and publicly available case records drawn from multiple sources. **A portion of this research is available at the following link:**

https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7WlHv7wcqBy8HAUTJM?e=TDfnf3

This compilation includes research on cases and legal disputes involving the University of Chicago and its affiliated institutions, litigation patterns, employment discrimination claims, disability accommodation disputes, retaliation claims, and procedural outcomes in cases against the University of Chicago filed in federal courts across multiple jurisdictions.

**Despite these extensive efforts, Plaintiff's research remains significantly incomplete because:**

1. Many of the most relevant records are accessible only through PACER and require payment for each access;

2. Plaintiff lacks access to Lexis Nexis and Westlaw, which are the primary platforms for comprehensive legal research, including case law, statutes, regulations, secondary sources, and procedural rules;

3. Records that remain inaccessible include detailed court filings, docket entries, motions, orders, and opinions from cases involving similar claims against the University of Chicago filed in federal courts across multiple jurisdictions, including the Northern District of Illinois, Seventh Circuit Court of Appeals, and other circuits.

Without access to these records and research platforms, Plaintiff cannot fully analyse relevant precedent, identify patterns of legal claims, or develop a comprehensive understanding of how similar claims have been litigated and resolved.

## III. PURPOSE OF THE REQUESTED RELIEF

### A. PACER Access for Litigation-Related Research (Multi-District, All Levels, All Courts)

Plaintiff respectfully submits that access to PACER records is necessary for the following purposes, all of which serve legitimate litigation-related and public-interest objectives:

**First**, to identify prior litigation involving similar claims against the University of Chicago, and it's entwined city, state, and federal entities, including claims of employment discrimination, retaliation, disability discrimination, failure to accommodate, due process violations, and related claims.

**Second**, to review pleadings, motions, orders, and opinions from cases involving the University of Chicago in the Northern District of Illinois, the Seventh Circuit Court of Appeals, and other federal courts across the country.

**Third**, to analyze procedural outcomes, including motions to dismiss, summary judgment rulings, class certification decisions, and appellate decisions that may inform Plaintiff's case strategy.

**Fourth**, to identify expert witnesses, evidentiary rulings, and discovery patterns in similar litigation against the University of Chicago.

**Fifth**, to access docket sheets and case schedules to understand typical litigation timelines and procedural requirements.

**Sixth**, to obtain records necessary for opposition to anticipated dispositive motions filed by Defendant.

**Seventh**, to conduct research at all levels of the federal judiciary, including United States District Courts (all districts), United States Courts of Appeals (all circuits), and the Supreme Court of the United States (if available; as hon'ble SCOTUS is not in multidistrict form), as well as any ancillary or related proceedings, appeals, or collateral actions.

The requested **multi-district, all-levels PACER waiver** is necessary because:

- The University of Chicago has been sued in various forums;

- Entwined entities to University of Chicago like City, state, and federal entities, are sued across US.

- Relevant precedent exists in various circuits, not limited to the Seventh Circuit;

- Defendant is likely to cite authority from multiple jurisdictions;

- Plaintiff must be able to respond to any legal authority Defendant cites, regardless of the court of origin;

- The case may involve appeals to the Seventh Circuit and potentially the Supreme Court, requiring ongoing access at all levels.

**B. Lexis Nexis and Westlaw Access**

Plaintiff respectfully requests that, to the extent permissible, this Court grant Plaintiff access to **Lexis Nexis** and **Westlaw** at no cost for the duration of this litigation. These platforms are the industry standard for legal research and provide access to:

1. **Case law** from all federal and state courts, including binding precedent from the Supreme Court, Seventh Circuit, and Northern and Central Districts of Illinois;

2. **Statutes and legislative history** for Title VII, ADA, Rehabilitation Act, § 1983, and all other statutes invoked in the Complaint;

3. **Federal regulations** including 29 C.F.R. Parts 1601, 1602, 1606, 1630, and others;

4. **Secondary sources** including law review articles, treatises, practice guides, and American Law Reports (ALR);

5. **Trial court orders and briefs** from similar cases against the University of Chicago;

6. **Jury instructions, verdicts, and settlements** in employment discrimination and retaliation cases;

7. **Administrative decisions** from EEOC, NLRB, IDHR, and other agencies;

8. **Legal news and current awareness** regarding developments in employment and disability law.

**Legal Basis for Requested Access:**

While courts do not typically have direct authority to compel Lexis Nexis or Westlaw to provide free access, Plaintiff raises this request in good faith and requests that this Court:

(i)     Inquire with the Administrative Office of the U.S. Courts or the Federal Judiciary whether pro se litigants in forma pauperis can be provided access through law libraries, court-provided terminals, or other mechanisms;

(ii)    Consider ordering that Plaintiff be permitted to use law library resources at no cost, including remote access if available especially when plaintiff doesn't have access to libraries of USA being overseas;

(iii)   Take judicial notice that denial of access to basic legal research tools to an indigent pro se litigant with disability residing outside the United States raises serious access-to-justice concerns under the Due Process Clause and the ADA;

(iv)    Alternatively, certify that such access is a reasonable accommodation under the ADA and Rehabilitation Act given Plaintiff's disability and geographic location.

**See:** *Bounds v. Smith*, 430 U.S. 817 (1977) (prisoners have right of access to courts, including adequate law libraries or legal assistance); *Lewis v. Casey*, 518 U.S. 343 (1996) (right of access to courts is fundamental); *Tennessee v. Lane*, 541 U.S. 509 (2004) (Title II of ADA valid abrogation of sovereign immunity for access to courts).

Plaintiff recognizes that this request may exceed traditional court-ordered relief but submits it in the alternative and to the extent permissible, noting that without access to basic legal research tools, a pro se litigant cannot meaningfully participate in federal litigation against a well-resourced institutional defendant, and justice in this case may not be equitable absent access to these platforms.

### C. CM/ECF E-Filing Access

Plaintiff requests electronic filing (CM/ECF) access for the following reasons:

**First**, Plaintiff resides in India, approximately thousands miles (7323 per google) from this Chicago.

**Second**, physical mailing from India to the Central District of Illinois involves substantial transit delays (typically 2-4 weeks), international shipping costs (approximately $30-50 per mailing), and the risk of documents being lost or delayed in transit.

**Third**, the COVID-19 pandemic has demonstrated the necessity of electronic access to court systems, and courts across the country have expanded electronic filing capabilities as a matter of operational necessity and access to justice.

**Fourth**, the Federal Judiciary's "Next Generation CM/ECF" initiative reflects a commitment to expanding electronic access to court systems for all litigants.

Many federal courts allegedly routinely grant CM/ECF access to pro se litigants upon request, recognizing that electronic filing is essential for meaningful participation in federal litigation, especially for litigants who reside outside the court's geographic area or have disabilities.

### D. Email Delivery of All Orders and Court Communications

Plaintiff respectfully requests that this Court direct the Clerk of Court to deliver all orders, opinions, notices, scheduling orders, and any and all other court communications and case-related documents to Plaintiff via email at **dipeshsingla668@gmail.com**.

Given Plaintiff's residence in India, email delivery is the only practical and timely means for Plaintiff to receive court orders and case communications. Reliance on physical mail delivery from the United States to India would result in substantial delays of weeks or more, potentially causing Plaintiff to miss filing deadlines and thereby prejudicing his ability to participate effectively in this litigation.

Federal Rule of Civil Procedure 5(b)(2)(E) permits service by electronic means if the parties consent. Courts have inherent authority to manage their dockets and communications in a manner that ensures meaningful access to justice. Several federal courts have adopted practices

of emailing orders and notices to pro se litigants, particularly those residing outside the jurisdiction or with disabilities.

## IV. LEGAL BASIS FOR THE REQUESTED RELIEF

### A. In Forma Pauperis - 28 U.S.C. § 1915

28 U.S.C. § 1915(a)(1) provides that federal courts may authorize the commencement, prosecution, or defense of any civil action or appeal without prepayment of fees by a person who submits an affidavit demonstrating inability to pay. The statute is designed to ensure that indigent litigants are not denied access to the federal courts solely because of their inability to pay filing fees and other costs.

The Supreme Court has long recognized that the in forma pauperis statute serves the fundamental purpose of "opening the doors of the federal courts to those who cannot pay the costs of access." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948).

Plaintiff is unemployed, indigent, resides outside the United States, has a disability, and cannot afford the filing fee or associated costs. Plaintiff's IFP application in the related Northern District action (Case No. 1:25-cv-08098) has been pending for approximately ten months without resolution, further demonstrating the need for this Court to grant IFP status.

### B. PACER Fee Waiver - E-Government Act of 2002 and Judicial Conference Policy

The E-Government Act of 2002, 44 U.S.C. § 11103, authorizes the Director of the Administrative Office of the U.S. Courts to "establish fees for access to information available through the PACER service." However, the same statutory framework recognizes that fees should not create unreasonable barriers to public access.

The Judicial Conference of the United States has adopted policies permitting the waiver or exemption of PACER fees in appropriate circumstances, particularly where the exemption would promote public access to information and avoid unreasonable burdens on individuals who require access to court records for non-commercial purposes.

Pursuant to the Judicial Conference's policy, fee exemptions may be granted to individuals, including pro se litigants, who demonstrate that PACER fees impose an unreasonable burden and that the requested access would serve the public interest.

The Administrative Office of the U.S. Courts maintains a formal application process for multi-court fee exemptions (AO Form 120A). Plaintiff has submitted an application for multi-court PACER fee exemption directly to the Administrative Office of the U.S. Courts at Multi-CourtExemptions@ao.uscourts.gov. The team told I have to ask court to get fee waiver, so I request full fee waiver for pacer, and removal of any charge on the account with user name: dipesh88 .

### C. Scope of the Requested PACER Waiver

Plaintiff requests **MULTI-DISTRICT PACER access with full fee waiver** across **all federal courts**, including but not limited to:

- All United States District Courts (94 districts);

- All United States Courts of Appeals (13 circuits), including the Seventh Circuit Court of Appeals;

- The Supreme Court of the United States;

- Bankruptcy courts;

- Any ancillary, related, or collateral proceedings;

- Any appeals, rehearings, or other post-judgment proceedings.

The requested waiver period extends through **December 31, 2029**, consistent with the AO Form 120A Plaintiff submitted.

**This broad scope is necessary because:**

1. The University of Chicago has been sued in multiple fforums;

2. Relevant precedent exists in various circuits, including the Seventh, Ninth, Second, D.C. Circuits, and others;

3. Defendant is likely to cite authority from multiple jurisdictions;

4. Plaintiff must be able to respond to any legal authority Defendant cites, regardless of the court of origin;

5. The case may involve appeals to the Seventh Circuit and potentially the Supreme Court, requiring ongoing access at all levels;

6. Meaningful research into litigation patterns against the University of Chicago requires access to records from diverse courts.

### D. E-Filing Access - Court Authority and Practical Necessity

Federal courts possess inherent authority to manage their dockets and to establish procedures that promote the efficient administration of justice. The CM/ECF system is the primary electronic filing platform for federal courts, and access to this system is routinely granted to attorneys of record and, upon request, to pro se litigants.

Courts have recognized that electronic filing access for pro se litigants serves the interests of justice by ensuring that self-represented parties can participate fully in litigation without the geographic and temporal barriers imposed by paper filing requirements.

The Federal Judiciary's ongoing modernization efforts, including the "Next Generation CM/ECF" initiative, reflect a commitment to expanding electronic access to court systems.

### E. Email Delivery of Orders - Judicial Efficiency and Access to Justice

This Court has inherent authority to direct that orders and notices be delivered to parties by email. Federal courts routinely use electronic notification systems (such as the CM/ECF Notice of Electronic Filing) to inform parties of filings and orders.

Extending email delivery to pro se litigants, particularly those residing outside the United States with disabilities, is a reasonable and necessary accommodation that serves the interests of judicial efficiency and meaningful access to justice.

## V. ACCESS TO LEXIS NEXIS AND WESTLAW - SUPPLEMENTAL ARGUMENT

### A. Fundamental Right of Access to Courts

The constitutional right of access to courts includes meaningful access to legal research materials. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("it is indisputable that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law").

While *Bounds* arose in the prison context, its principle extends to all indigent litigants: denial of access to legal research materials denies meaningful access to courts.

### B. ADA and Rehabilitation Act - Reasonable Accommodation

Plaintiff has a documented disability. The ADA and Rehabilitation Act require covered entities (including federal courts, to the extent applicable) to provide reasonable accommodations to qualified individuals with disabilities.

28 U.S.C. § 12132 (Title II of ADA): "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

Federal courts are "public entities" under Title II of the ADA. *Tennessee v. Lane*, 541 U.S. 509 (2004); *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011).

Plaintiff's disability, combined with his residence outside the United States, makes it impossible for him to access physical law libraries. Remote access to Lexis Nexis and/or Westlaw (or equivalent legal research platforms) is a reasonable accommodation that would not impose an undue burden on the Court, particularly given that many law schools and courts already provide such access at no cost.

### C. Disparate Treatment of Pro Se Litigants vs. Represented Litigants

Represented litigants have access to Lexis Nexis and Westlaw through their counsel's subscriptions. Pro se litigants who cannot afford these services are placed at a severe disadvantage. This disparity in access to legal research tools violates fundamental principles of equal treatment and access to justice.

The Court has inherent authority to level the playing field in appropriate circumstances, including by providing access to legal research tools to indigent pro se litigants.

### D. Alternative Relief Requested

In the alternative, Plaintiff respectfully requests that this Court:

1. Direct the Clerk of Court to provide Plaintiff with access to the Court's law library resources remotely, to the extent technologically feasible;

2. Certify that access to Lexis Nexis and/or Westlaw (or equivalent legal research platforms) is a reasonable accommodation under the ADA and Rehabilitation Act;

3. Refer Plaintiff to the Federal Judiciary's Pro Se Law Clerk Program or any similar program that provides legal research assistance to pro se litigants;

4. Take judicial notice of Plaintiff's limited access to legal research tools and consider that factor when evaluating Plaintiff's filings for compliance with procedural rules;

5. Appoint pro bono counsel (as separately requested) who would have access to Lexis Nexis and Westlaw through their practice.

## VI. EXPEDITED CONSIDERATION REQUESTED

Plaintiff respectfully requests expedited consideration of this Motion as practicable. The research for which PACER access, Lexis Nexis, and Westlaw access are sought is directly related to the preparation and prosecution of Plaintiff's pending case.

Any delay in obtaining access to these records and research platforms may materially impair Plaintiff's ability to:

- Meet filing deadlines;

- Respond to motions (including anticipated motions to dismiss);

- Conduct necessary legal research;

- Identify binding precedent;

- Draft legally sufficient pleadings;

- Otherwise participate effectively in the litigation.

Given the time-sensitive nature of ongoing litigation and the fact that Plaintiff is proceeding pro se without the benefit of counsel to manage research timelines, expedited consideration of this Motion would serve the interests of justice and ensure that Plaintiff is not disadvantaged by procedural delays beyond his control.

Similarly, the grant of CM/ECF access and email notification is time-sensitive, as each day without these accommodations prejudices Plaintiff's ability to manage this litigation effectively from India.

## VII. CONCLUSION

For the foregoing reasons, and based upon the showing made herein, Plaintiff respectfully requests that this Court enter an order:

(a) Granting leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915;

(b) Granting a **full waiver of PACER electronic access fees** for **multi-district access across all federal courts**, including United States District Courts, United States Courts of Appeals (including the Seventh Circuit), and the Supreme Court of the United States, for all levels of litigation, appeals, and any related or ancillary proceedings, through **December 31, 2029**;

(c) Granting Plaintiff **electronic filing (CM/ECF) access** for the purpose of filing and managing documents in this action;

(d) Directing the Clerk of Court to deliver all orders, notices, scheduling orders, docket updates, minute entries, and all other case-related communications to Plaintiff via email at **dipeshsingla668@gmail.com**;

(e) To the extent permissible, granting Plaintiff **access to Lexis Nexis and Westlaw** at no cost for the duration of this litigation, or in the alternative, providing equivalent access to legal research materials through the Court's law library or other mechanisms as a reasonable accommodation under the ADA and Rehabilitation Act;

(f) Granting expedited consideration of this Motion as practicable; and

(g) Granting such other and further relief as this Court deems just and proper.

Granting this request would promote meaningful access to judicial records, support a pro se litigant with a disability in pursuing his case, reduce barriers to public access to court proceedings, and further the public interest in transparency and accountability regarding institutional litigation patterns involving the University of Chicago.

**Note:** This motion and content past and upcoming are prepared pro se. Plaintiff requests time and specific opportunity for repair of any element herein and will make changes upon knowledge of defect, if any. Amendment and corrections may follow upon knowledge of all documents in docket.

**PROPOSED ORDER**

Upon consideration of Plaintiff Dipesh Singla's Motion for Waiver of PACER Electronic Access Fees, Leave to Proceed In Forma Pauperis, E-Filing Access, Email Delivery of Court Communications, and Access to Lexis Nexis and Westlaw, and for good cause shown, it is hereby **ORDERED** that:

1. Plaintiff's motion to proceed **in forma pauperis** is **GRANTED**;

2. Plaintiff is **GRANTED** a full waiver of PACER electronic access fees, applicable to already incurred charges as well, for multi-district access across all federal courts, including United States District Courts, United States Courts of Appeals, and the Supreme Court of the United States, through December 31, 2029;

3. Plaintiff is **GRANTED CM/ECF electronic filing access** for the purpose of filing and managing documents in this action;

4. The Clerk of Court is **DIRECTED** to deliver all orders, opinions, notices, scheduling orders, docket entries, minute entries, filing confirmations, and all other case-related communications to Plaintiff via email at **dipeshsingla668@gmail.com**;

5. Plaintiff is **GRANTED access to Lexis Nexis and Westlaw** at no cost for the duration of this litigation, or in the alternative, the Court shall provide equivalent access to legal research materials through the Court's law library or other mechanisms as a reasonable accommodation;

6. This Motion is **GRANTED expedited consideration** as practicable; and

7. Such other and further relief as the Court deems just and proper is **RESERVED**.

**Dated:** _____

**BY THE COURT:**


**United States District Judge**

---

**Respectfully submitted,**

**Dated: 24 May 2026**

**Prepared by: DIPESH SINGLA, Pro Se Plaintiff**

Email: dipeshsingla668@gmail.com
Phone: +1 (773) 457-1046 / +91 7973996818
Address: #184, NAC, Shivalik Enclave, Manimajra, Chandigarh, 160101, INDIA

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2026, I will cause a true and correct copy of the foregoing Motion to be filed with the Court via proselitigants_efiling@ilcd.uscourts.gov, newcases.rockisland@ilcd.uscourts.gov

**DIPESH SINGLA, Pro Se Plaintiff**

24 May 2026.

Exhibit

## Application for Multi-Court Exemption from the
## Judicial Conference's Electronic Public Access (EPA) Fees

1.) I am requesting an exemption from fees for public access to electronic case records for the courts selected below:

**Courts of Appeal**

- [X] All Courts of Appeal
- [ ] First Circuit
- [ ] Second Circuit
- [ ] Third Circuit
- [ ] Fourth Circuit
- [ ] Fifth Circuit
- [ ] Sixth Circuit

- [ ] Seventh Circuit
- [ ] Eighth Circuit
- [ ] Ninth Circuit
- [ ] Tenth Circuit
- [ ] Eleventh Circuit
- [ ] D.C. Circuit
- [ ] Federal Circuit

**Bankruptcy Appellate Panels (BAP)**

- [ ] First Circuit - BAP
- [ ] Sixth Circuit - BAP
- [ ] Eighth Circuit - BAP
- [ ] Ninth Circuit - BAP
- [ ] Tenth Circuit - BAP

### District Courts

- [X] All District Courts

| | | | |
|---|---|---|---|
| Alabama Middle | Illinois Northern | Nebraska | Rhode Island |
| Alabama Northern | Illinois Central | Nevada | South Carolina |
| Alabama Southern | Illinois Southern | New Hampshire | South Dakota |
| Alaska | Indiana Northern | New Jersey | Tennessee Eastern |
| Arizona | Indiana Southern | New Mexico | Tennessee Middle |
| Arkansas Eastern | Iowa Northern | New York Eastern | Tennessee Western |
| Arkansas Western | Iowa Southern | New York Northern | Texas Eastern |
| California Central | Kansas | New York Southern | Texas Northern |
| California Eastern | Kentucky Eastern | New York Western | Texas Southern |
| California Northern | Kentucky Western | North Carolina Eastern | Texas Western |
| California Southern | Louisiana Eastern | North Carolina Middle | Utah |
| Colorado | Louisiana Middle | North Carolina Western | Vermont |
| Connecticut | Louisiana Western | North Dakota | Virgin Islands |
| Delaware | Maine | Northern Mariana Islands | Virginia Eastern |
| District of Columbia | Maryland | Ohio Northern | Virginia Western |
| Florida Middle | Massachusetts | Ohio Southern | Washington Eastern |
| Florida Northern | Michigan Eastern | Oklahoma Eastern | Washington Western |
| Florida Southern | Michigan Western | Oklahoma Northern | West Virginia Northern |
| Georgia Northern | Minnesota | Oklahoma Western | West Virginia Southern |
| Georgia Middle | Mississippi Northern | Oregon | Wisconsin Eastern |
| Georgia Southern | Mississippi Southern | Pennsylvania Eastern | Wisconsin Western |
| Guam | Missouri Eastern | Pennsylvania Middle | Wyoming |
| Hawaii | Missouri Western | Pennsylvania Western | |
| Idaho | Montana | Puerto Rico | |

10

**Bankruptcy Courts**

[X] All Bankruptcy Courts

| | | | |
|---|---|---|---|
| ☐ Alabama Middle | ☐ Illinois Northern | ☐ Nebraska | ☐ Rhode Island |
| ☐ Alabama Northern | ☐ Illinois Central | ☐ Nevada | ☐ South Carolina |
| ☐ Alabama Southern | ☐ Illinois Southern | ☐ New Hampshire | ☐ South Dakota |
| ☐ Alaska | ☐ Indiana Northern | ☐ New Jersey | ☐ Tennessee Eastern |
| ☐ Arizona | ☐ Indiana Southern | ☐ New Mexico | ☐ Tennessee Middle |
| ☐ Arkansas Eastern | ☐ Iowa Northern | ☐ New York Eastern | ☐ Tennessee Western |
| ☐ Arkansas Western | ☐ Iowa Southern | ☐ New York Northern | ☐ Texas Eastern |
| ☐ California Central | ☐ Kansas | ☐ New York Southern | ☐ Texas Northern |
| ☐ California Eastern | ☐ Kentucky Eastern | ☐ New York Western | ☐ Texas Southern |
| ☐ California Northern | ☐ Kentucky Western | ☐ North Carolina Eastern | ☐ Texas Western |
| ☐ California Southern | ☐ Louisiana Eastern | ☐ North Carolina Middle | ☐ Utah |
| ☐ Colorado | ☐ Louisiana Middle | ☐ North Carolina Western | ☐ Vermont |
| ☐ Connecticut | ☐ Louisiana Western | ☐ North Dakota | ☐ Virgin Islands |
| ☐ Delaware | ☐ Maine | ☐ Northern Mariana Islands | ☐ Virginia Eastern |
| ☐ District of Columbia | ☐ Maryland | ☐ Ohio Northern | ☐ Virginia Western |
| ☐ Florida Middle | ☐ Massachusetts | ☐ Ohio Southern | ☐ Washington Eastern |
| ☐ Florida Northern | ☐ Michigan Eastern | ☐ Oklahoma Eastern | ☐ Washington Western |
| ☐ Florida Southern | ☐ Michigan Western | ☐ Oklahoma Northern | ☐ West Virginia Northern |
| ☐ Georgia Northern | ☐ Minnesota | ☐ Oklahoma Western | ☐ West Virginia Southern |
| ☐ Georgia Middle | ☐ Mississippi Northern | ☐ Oregon | ☐ Wisconsin Eastern |
| ☐ Georgia Southern | ☐ Mississippi Southern | ☐ Pennsylvania Eastern | ☐ Wisconsin Western |
| ☐ Guam | ☐ Missouri Eastern | ☐ Pennsylvania Middle | ☐ Wyoming |
| ☐ Hawaii | ☐ Missouri Western | ☐ Pennsylvania Western | |
| ☐ Idaho | ☐ Montana | ☐ Puerto Rico | |

**National Courts**

[X] Judicial Panel on Multidistrict Litigation    [X] U.S. Court of Federal Claims    [X] U.S. Court of International Trade

2.) I am an individual associated with    Not applicable/ No affiliation

3.) Please summarize why the case information from the Public Access to Court Electronic Records (PACER) service is needed and how it will be used. Also, please explain why an exemption from the courts identified is necessary. If you need more space, please provide in an attachment.

I am a pro se plaintiff in Singla v. University of Chicago. I have conducted independent research of approximately 1,500 pages reviewing litigation involving the University of Chicago across federal courts and administrative agencies. However, my research is significantly limited because many relevant records are only accessible through PACER and require payment for each access. As a self-represented litigant with limited financial resources, these costs create a substantial barrier to conducting necessary legal research and reviewing relevant case records. Access to PACER records will allow me to analyze prior cases involving similar claims, understand procedural outcomes, and support the factual and legal development of my case. The requested exemption will be used solely for non-commercial research and litigation purposes. https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7WlHv7wcqBy8HAUTJM

11

4.) In support of this application, I affirm the following:

a) An exemption from the Judicial Conference's EPA Fee is necessary in order to avoid unreasonable burdens and to promote public access to information.

b) That the exemption will be for a definitive period of time: December 31 2029

c) I understand that this fee exemption will apply only to me, will be valid only for the purposes stated above, and will apply only to the electronic case files of the court(s) indicated above that are available through the PACER service.

d) I agree that any data received through this exemption will not be sold for profit, will not be transferred, will not be used for commercial purposes, and will not be redistributed via the Internet.

**Declaration:** I declare that all the above information is true and understand that a false statement
[x] may result in termination of my exempt access and an assessment of Electronic Public Access usage fees. (The box must be marked or your request will not be considered)

Dipesh Singla

Applicant's Printed Name

Applicant's Title

Dipesh Singla Digitally signed by Dipesh Singla
Date: 2026.03.15 16:45:57 +05'30'

Applicant's Signature

+17734571046, and +917973996818
Applicant's Phone Number

dipeshsingla668@gmail.com
Applicant's email address

184, NAC, Shivalik Enclave, Manimajra
Applicant's Mailing Address

Chandigarh, India | CH | 160101
City | State | Zip Code

15 march 2026
Date

**Add Attachment**

**Submit by Email**

Please submit your completed, signed request via email to Multi-CourtExemptions@ao.uscourts.gov or by mail to:

Attention: Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
One Columbus Circle, N.E.
Washington, DC 20544

** Requests sent through the US mail may take up to two weeks to clear security.**

12